IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

JAMES J. JOHNSON, and all others similarly
situated,

    Plaintiff,

vs.

OVER AND UNDER, INC., a Florida
Corporation, and HOWARD J. COOPER, an
individual, jointly and severally,

    Defendants.
_____/

## **COMPLAINT**

### I.    **INTRODUCTION**

1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA") to recover unpaid overtime and for unlawful retaliation on behalf of Plaintiff JAMES J. JOHNSON (hereinafter "JOHNSON"), and all others similarly-situated to him who were formerly, or are currently, employed as hourly paid employees by Defendant OVER AND UNDER, INC. and HOWARD J. COOPER (hereinafter and collectively referred to as "Defendants").

2.    Defendants employ these employees within the Southern District of Florida to support all aspects of their business.

3.    Throughout the liability period, Defendants have maintained their offices and operations within the Southern District of Florida.

4.    For at least three years prior to the filing of this complaint and continuing (hereinafter "Liability Period"), Defendants have had policies and practices to not correctly compensate its hourly paid employees, to wit: Defendants pay only straight time for overtime

hours that are worked. In addition, many hourly paid employees are paid production bonus. Said production bonus is not added into the regular rate of pay when determining the appropriate overtime rate, as required by the FLSA and the Code of Federal Regulations.

5. Pursuant to the FLSA, Plaintiff, on behalf of himself and all others similarly situated to him who were formerly, or are currently, employed as hourly paid employees for Defendants during the liability period, seek unpaid overtime, and liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from Defendants.

6. Plaintiff will request the Court to authorize concurrent notice to hourly paid employees who are employed by Defendants or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## II.     JURISDICTION

7. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

## III.     VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where Defendants may be deemed to reside because Defendants conduct business within the Southern District of Florida.

## IV.     PARTIES

### Plaintiff JAMES J. JOHNSON

9. JOHNSON was, at all material times, a resident of Broward County, Florida.

10. JOHNSON, at all material times, was a covered, non-exempt employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

11. Defendants employed JOHNSON as a fabric cutter.

12.     During the Liability Period, JOHNSON regularly worked in excess of forty (40) hours per week, without receiving at least a minimum wage or proper overtime compensation for hours worked over forty (40) in a week. JOHNSON complained about Defendants' illegal pay practices, and was terminated for doing so.

**Defendants**

13.     Defendant, OVER AND UNDER, INC. (hereinafter, "OVER AND UNDER") is a Florida Corporation doing business in Broward County, Florida, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207 and 215, in the facility where JOHNSON was employed.

14.     At all times material hereto, OVER AND UNDER is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

15.     Defendant, HOWARD J. COOPER (hereinafter, "COOPER"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant OVER AND UNDER.

16.     Defendant COOPER acted and acts directly in the interests of Defendant OVER AND UNDER, in relation to its employees. Thus, COOPER was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**V.  GENERAL FACTUAL ALLEGATIONS**

17.     The allegations in paragraphs 18 through 21 occurred during the liability period.

18.     Defendants do not pay its hourly paid employees at the rate of one and one-half times their regular rate for all hours worked over forty (40) each week.

19. All hourly paid employees are not exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

20. There are numerous persons similarly-situated to Plaintiff who are, or were, employed as hourly paid employees for Defendants during the liability period.

21. During the liability period, Defendants willfully and recklessly denied the correct overtime compensation to all hourly paid employees that it employed during the liability period.

## VI. FIRST CLAIM – Unpaid Overtime

22. The allegations in paragraphs 1-21 are incorporated by reference herein.

23. By its actions alleged above, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires the overtime compensation to non-exempt employees, 29 U.S.C. § 207.

24. As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated to him have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VII. SECOND CLAIM – Retaliation

25. The allegations in paragraphs 1-21 are incorporated by reference herein.

26. Plaintiff JOHNSON complained about Defendants' illegal pay practices and was terminated on the spot.

27. By its actions alleged above, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA, which does not allow them to terminate employees for objecting to illegal pay practices, 29 U.S.C. § 215.

28. As a result of the unlawful acts of Defendants, Plaintiff JOHNSON was terminated and has lost wages in amounts to be determined at trial, and is entitled to recovery of

such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

A.   To authorize the issuance of notice at the earliest possible time to all OVER AND UNDER hourly paid workers who were employed by Defendants during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked hours in excess of forty (40) in week and were not paid the correct overtime during the Liability Period;

B.   To declare that Defendants have violated the overtime and retaliation provisions of the FLSA, 29 U.S.C. §§207 and 215, as to the Plaintiff and persons similarly situated;

C.   To declare that Defendants' violations of the FLSA to be willful;

D.   To award Plaintiff, and other similarly situated current and former OVER AND UNDER hourly paid workers, damages for the amount of the unpaid overtime wages, as well as lost wages and reinstatement due to wrongful and retaliatory discharge (as to JOHNSON only), subject to proof at trial;

E.   To award Plaintiff, and other similarly situated current and former hourly paid workers, liquidated damages in an amount equal to the unpaid and lost wages shown to be owed pursuant to 29 U.S.C. § 216(b);

F.   If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G.   To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

      H.      To award Plaintiff, and other similarly situated current and former OVER AND UNDER employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### Jury Demand

Plaintiff demands trial by jury.

Dated: July 5, 2013
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff